UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR ADRIAN HERNANDEZ BAEZ,

Petitioner,

v. Case No.: 2:26-cv-01792-SPC-KRH

WARDEN OF FLORIDA SOFT SIDE DETENTION CENTER,

Respondent,

_____________________________________/

**OPINION AND ORDER**

Before the Court are petitioner Victor Adrian Hernandez Baez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Hernandez Baez is a native of Cuba who was paroled into the United States on May 10, 2009, and later became a lawful permanent resident. An immigration judge ordered him removed on December 18, 2012. On July 17, 2014, Hernandez Baez was convicted of a felony and sentenced to prison. An immigration judge ordered him removed from the country on December 10, 2015. Immigration and Customs Enforcement ("ICE") could not execute the removal order, so it released him under an order of supervision on October 31, 2016.

On June 22, 2025, local law enforcement arrested Hernandez Baez and, as a result, ICE issued an immigration detainer. ICE took him into custody on

March 25, 2026, and detained him at Alligator Alcatraz. On April 10, 2026, ICE brought Hermandez Baez to the U.S.-Mexico border, but he declined to depart the bus and cross the border, and ICE returned him to Alligator Alcatraz. Hernandez Baez argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day

removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Hernandez Baez carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2016, and there is no agreement between the U.S. and Cuba to pave the way for his repatriation.

The burden thus shifts to the government. ICE points to its April 2026 attempt to send Hernandez Baez to Mexico. But the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see*

*also D.V.D. v. U.S. Dep't of Homeland Security*, 821 F. Supp. 3d 102 (D. Mass. 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture). ICE makes no attempt to show it has a plan in place to lawfully remove Hernandez Baez.

The Court finds no significant likelihood Hernandez Baez will be removed in the reasonably foreseeable future. However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Hernandez Baez's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Victor Adrian Hernandez Baez's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Hernandez Baez poses a danger to the community sufficient to justify continued detention.
2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.
3. Hernandez Baez may file a reply within three days of the supplemental response.
4. Because ICE recently transferred Hernandez Baez to a different detention facility and does not forward legal mail to detainees after transferring them, the government must certify it has served Hernandez Baez this Order within three days.

**DONE AND ORDERED** in Fort Myers, Florida on October 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record